# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF LOUISIANA

# MONROE DIVISION

| | |
|---|---|
| **DAWSON FARMS, LLC** | **CIVIL ACTION NO. 06-0737** |
| **VERSUS** | **JUDGE ROBERT G. JAMES** |
| **BASF CORP., ET AL.** | **MAG. JUDGE KAREN L. HAYES** |

## MEMORANDUM RULING

Before the Court is Defendant BASF Corporation's ("BASF") appeal [Doc. No. 37] of Magistrate Judge Karen L. Hayes' Memorandum Order [Doc. No. 33] granting in part Plaintiff Dawson Farms' ("Dawson Farms") Motion to Compel Discovery Responses. BASF objects to Requests for Production ("RFP") Nos. 3, 4, 5, and 6.

For the following reasons, Magistrate Judge Hayes' Memorandum Order is AFFIRMED.

## I.  STANDARD OF REVIEW

A party may file objections to a non-dispositive order of the Magistrate Judge within ten (10) days. Fed. R. Civ. P 72(a). The District Judge shall modify or set aside the Magistrate Judge's order only where it is shown to be "clearly erroneous or contrary to law." *Id.* BASF filed a timely appeal of Magistrate Judge Hayes' Memorandum Order. Accordingly, this appeal is governed by Rule 72(a).

## II.  ANALYSIS

Dawson Farms seeks information related to the marketing or advertising of Outlook for use as an herbicide (RFP 3); all documents related to testing of Outlook for use as an herbicide (RFP 4); all documents related to testing Outlook's performance compared to its competitor,

1

Dual (RFP 5); and all documents related to complaints of crop loss or other damage associated with Outlook (RFP 6).

Dawson Farms contends that the RFPs are reasonably calculated to lead to relevant and/or admissible evidence under Federal Rule of Civil Procedure 26(b)(1). Dawson Farms' expert claims that Outlook damaged its sweet potato crop by inhibiting root initiation and storage root development. BASF contends that other factors caused the damage. Therefore, Outlook's effect on sweet potato crops inside and outside Louisiana, as well as other crops with fibrous root structures, may show whether Outlook caused the damage. Additionally, Outlook's performance in a variety of environmental conditions and the field tests comparing Outlook to Dual may provide relevant evidence showing whether Outlook caused the damage.

BASF contends that Magistrate Judge Hayes failed to consider whether the requested information was both potentially relevant and cost-effective as required by the 2000 amendments to Rule 26(b)(1). Compared to the cost of producing the information, BASF contends that the RFPs encompass information that is irrelevant to Dawson Farms' claim that Outlook damaged its sweet potato crop. BASF would limit Dawson Farms' discovery to sweet potato crops grown in Louisiana.

The Court finds that Magistrate Judge Hayes' Memorandum Order is not clearly erroneous nor contrary to law. RFPs are bound to encompass information that is ultimately irrelevant. However, the requests appear reasonably targeted to produce relevant information supporting Dawson Farms' claim that Outlook damaged sweet potato crops in this region and disputing BASF's claim that other factors caused the damage. While Magistrate Judge Hayes did not explicitly weigh the cost and benefits of producing such information, her analysis indicates

2

that she considered the burdens of production on BASF compared to the information's potential relevance. For example, she narrowly tailored RFP 4 to exclude information relating to tests of Outlook on animal toxicity.

The Court also finds that Magistrate Judge Hayes' denial of Dawson Farms' request for attorneys' fees, reasoning that BASF's objections were not without merit, is not clearly erroneous nor contrary to law.

Accordingly, Magistrate Judge Hayes' Memorandum Order [Doc. No. 33] is AFFIRMED.

MONROE, LOUISIANA, this 17th day of January, 2007.

_____
ROBERT G. JAMES
UNITED STATES DISTRICT JUDGE