UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| DAWSON FARMS, LLC | CIVIL ACTION NO. 06-0737 |
| VERSUS | JUDGE ROBERT G. JAMES |
| BASF CORP., ET AL. | MAG.  JUDGE KAREN L. HAYES |

MEMORANDUM RULING

Before the Court is Plaintiff Dawson Farms' ("Dawson Farms") appeal [Doc. No. 57] of Magistrate Judge Karen L. Hayes' Order [Doc. No. 56] granting in part Defendant BASF Corporation's ("BASF") Motion to Compel.  Dawson Farms objects to Magistrate Judge Hayes' Order compelling production of its tax returns.

For the following reasons, Magistrate Judge Hayes' Order is AFFIRMED, and Dawson Farms' appeal is DISMISSED.

I.      STANDARD OF REVIEW

A party may file objections to a non-dispositive order of the Magistrate Judge within ten (10) days.  Fed. R. Civ. P 72(a).  The District Judge shall modify or set aside the Magistrate Judge's order only where it is shown to be "clearly erroneous or contrary to law." *Id.*  Dawson Farms filed a timely appeal of Magistrate Judge Hayes' Memorandum Order.  Accordingly, this appeal is governed by Rule 72(a).

II.     ANALYSIS

BASF seeks Dawson Farms' 2000-2005 income tax returns in order to analyze Dawson Farms' claim for lost profits on its 2005 sweet potato crop.  BASF's Certified Public Accountant,

1

Mr. Robert Alexander, attests that Dawson Farms' tax returns are necessary for him to "fully analyze Dawson Farms' economic damages and/or claims of crop revenue loss" because "tax returns present valuable profit and loss information, along with assets owned and liabilities owed for the year of loss, years prior to the loss, and if available, years subsequent to the loss."  [Doc. No. 34, Exh. C, ¶¶ 1, 2a].  Mr. Alexander also attests that "Dawson Farms' tax returns are the most reliable financial documents showing profit and loss."   [Doc. No. 34, Exh. C, ¶ 2].

Dawson Farms contends that its tax returns are confidential and outside the scope of discovery.  Dawson Farms argues that BASF can calculate lost profits by estimating the amount and grade of commercially viable potatoes that it would have produced multiplied by the published prices for sweet potatoes in 2005.

For a court to order disclosure of tax returns, the court must find both "that the returns are relevant to the subject matter of the action," and "that there is a compelling need for the returns because the information contained therein is not otherwise readily obtainable." *Mohnot v. Bhansali*, No. 99-2332, 2001 U.S. Dist. LEXIS 6815, at *2, 2001 WL 515242 at *1 (E.D. La. May 11, 2001) (quoting *S.E.C. v. Cymaticolor Corp.*, 106 F.R.D. 545, 547 (S.D.N.Y. 1985)); *see also Natural Gas Pipeline Co. v. Energy Gathering*, 2 F.3d 1397, 1411 (5th Cir. 1993).

Dawson Farms' proposed calculation yields gross sales or revenue, not profits.  Profits are calculated by subtracting expenses from revenue.  Because Dawson Farms seeks lost profits, BASF has a compelling need for reliable information regarding Dawson Farms' past expenses. Further, because tax returns are signed under penalty of perjury and often subject to internal review, Dawson Farms' tax returns are the most reliable records of its financial activity. Therefore, although Magistrate Judge Hayes did not give specific reasons for ordering production

of Dawson Farms' tax returns, the Court finds that Magistrate Judge Hayes' Order was not clearly erroneous or contrary to law.  As Magistrate Judge Hayes noted in her Order, all tax documents are subject to the Protective Order [Doc. No. 28] previously entered in this case.

Accordingly, Magistrate Judge Hayes' Order [Doc. No. 56] is AFFIRMED, and Dawson Farms' appeal [Doc. No. 57] is DISMISSED.

MONROE, LOUISIANA, this 15th day of February, 2007.

ROBERT G. JAMES
UNITED STATES DISTRICT JUDGE

3