RECEIVED
IN MONROE, LA
OCT 15 2008
ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| DAWSON FARMS, LLC | CIVIL ACTION NO. 06-0737 |
| VERSUS | JUDGE ROBERT G. JAMES |
| BASF CORP., ET AL. | MAG. JUDGE KAREN L. HAYES |

## MEMORANDUM ORDER

The Court's May 16, 2008 Ruling and Judgment [Doc. Nos. 182 & 183] on Defendant BASF Corporation's ("BASF") Motion for Summary Judgment [Doc. No. 121] left three (3) of Plaintiff Dawson Farms, LLC's ("Dawson") claims intact: (1) redhibitory defect, (2) breach of the implied warranty of fitness for ordinary use, and (3) design defect. For the reasons that follow, the Court requests supplemental briefing regarding whether the claim for breach of the implied warranty of fitness is preempted by the Louisiana Products Liability Act ("LPLA"), LA. REV. STAT. art. 9:2800.51, *et seq.*

In its motion for summary judgment, BASF argued only that the claim for breach of the implied warranty of fitness failed as a matter of law because Outlook was fit for its ordinary and intended use. [Doc. No. 140, p. 9]. BASF did not argue that this claim was preempted by the LPLA.[1]

The LPLA provides that it "establishes the exclusive theories of liability for manufacturers for damages caused by their products." LA. REV. STAT. art. 9:2800.52. Courts have interpreted the

---

[1] BASF did argue that the LPLA precluded Dawson's claims for "negligence and negligent misrepresentation." [Doc. No. 121, p. 6]. BASF also appears to have argued that, in the context of Dawson's breach of contract claim, "a claim for breach of [express] warranty" is precluded by the LPLA. [Doc. No. 121, p. 8 n. 12]. Finally, BASF argued that Dawson's Louisiana Unfair Trade Practices Act claim was precluded by the LPLA. [Doc. No. 121, p. 8 n. 12–13].

LPLA as preserving only redhibition as an alternative cause of action. *See Pipitone v. Biomatrix, Inc.*, 288 F.3d 239, 251 (5th Cir. 2002); *see also Aucoin v. S. Quality Homes, LLC*, 984 So.2d 685, 691 n.8 (La. 2008). It, therefore, appears that Dawson's claim for breach of the implied warranty of fitness against BASF, the manufacturer of Outlook, is preempted by the LPLA. *See Jefferson v. Lead Indus. Ass'n*, 930 F. Supp. 241, 244–45 (E.D. La. 1996) (holding that "breach of implied warranty or redhibition is not available as a theory of recovery for personal injury, although a redhibition action is still viable against the manufacturer to recover pecuniary loss"; "It is apparent from the foregoing discussion of the exclusivity of the LPLA that plaintiff's allegations of . . . breach of implied warranty of fitness . . . fail to state a claim against the lead paint pigment manufacturers under the LPLA and must therefore be dismissed."), *aff'd by*, *Jefferson v. Lead Indus. Ass'n*, 106 F.3d 1245 (5th Cir. 1997).

The Court may grant summary judgment *sua sponte* on grounds not urged if the adversely affected party is given ten days notice; however, the Court is inclined to give the parties additional time to consider and brief this issue. Accordingly,

**If Dawson does not oppose summary judgment in favor of BASF on this claim**, IT IS ORDERED to file a statement of no opposition within 20 days of the date of this Memorandum Order.

**Otherwise**, IT IS ORDERED that Dawson file a supplemental memorandum showing why its claim for breach of the implied warranty of fitness is not preempted by the LPLA within 30 days of the date of this Memorandum Order. Dawson's memorandum shall not exceed 10 pages.

IT IS FURTHER ORDERED that BASF file a supplemental memorandum in response to Dawson's memorandum within 15 days of Dawson's filing. BASF's memorandum shall not exceed

10 pages.

MONROE, LOUISIANA, this 15 day of October, 2008.

_____
ROBERT G. JAMES
UNITED STATES DISTRICT JUDGE