RECEIVED
IN MONROE, LA
DEC 12 2008
ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| DAWSON FARMS, LLC | CIVIL ACTION NO. 06-0737 |
| VERSUS | JUDGE ROBERT G. JAMES |
| BASF CORP., ET AL. | MAG. JUDGE KAREN L. HAYES |

MEMORANDUM ORDER

On October 15, 2008, the Court requested supplemental briefing regarding whether Plaintiff Dawson Farms, LLC's ("Dawson") claim for breach of the implied warranty of fitness is preempted by the Louisiana Products Liability Act ("LPLA"), La. Rev. Stat. art. 9:2800.51, *et seq.* [Doc. No. 231]. Both parties filed supplemental memoranda. [Doc. Nos. 237, 242, & 249]. For the reasons that follow, the Court declines to *sua sponte* grant summary judgment in favor of Defendant BASF Corporation ("BASF") on this claim. However, the Court gives notice of its intent to *sua sponte* grant summary judgment in favor of BASF on Dawson's claim for design defect under the LPLA.

I. LAW AND ANALYSIS

A. Breach of the Implied Warranty of Fitness

The Court's May 16, 2008 Ruling and Judgment [Doc. Nos. 182 & 183] on BASF's Motion for Summary Judgment [Doc. No. 121] left three of Plaintiff Dawson Farms, LLC's ("Dawson") claims intact: (1) redhibitory defect, (2) breach of the implied warranty of fitness for ordinary use, and (3) design defect. The Court questioned whether the LPLA preempted Dawson's claim for breach of the implied warranty of fitness but preserved its claim for redhibitory defect.

The LPLA states that it "establishes the exclusive theories of liability for manufacturers for damages caused by their products," LA. REV. STAT. art. 9:2800.52, and defines "damages" as

> damage to the product itself and economic loss arising from a deficiency in or loss of use of the product only to the extent that Chapter 9 of Title VII of Book III of the Civil Code entitled 'Redhibition' does not allow recovery for such damage or economic loss.

LA. REV. STAT. art. 9:2800.53(5). As Dawson correctly points out, "redhibition," as that term is used in the LPLA, refers broadly to the codal articles in the Redhibition Chapter, not just the codal article providing a cause of action for redhibitory defect. *See* LA. CIV. CODE art. 2520 (providing a cause of action for redhibitory defect). Because Dawson's claim for breach of the implied warranty of fitness arises under the Redhibition Chapter, Dawson contends that its claim is not preempted. *See* LA. CIV. CODE art. 2524 (providing a cause of action for breach of the implied warranty of fitness).

BASF responds that Dawson's claim is nonetheless preempted because the remedies provided in Article 2524 are contract remedies, not redhibition remedies, and the LPLA only preserves a cause of action for damages that are recoverable under the Redhibition Chapter. *See* LA. CIV. CODE art. 2524 ("The thing sold must be reasonably fit for its ordinary use. . . . If the thing is not so fit, the buyer's rights are governed by the general rules of conventional obligations."); *see also* LA. CIV. CODE art. 1994 (Under Chapter 8, "[a]n obligor is liable for the damages caused by his failure to perform a conventional obligation.").

The Court finds that Article 2524's cross-reference to another chapter of the civil code does not remove it from the Redhibition Chapter for purposes of construing the LPLA's exclusivity provision. First, the LPLA does not expressly distinguish between the location of a cause of action *and* its remedy. Second, the LPLA was intended to preserve, and not displace, claims in redhibition. As the author of the LPLA explains,

> the LPLA governs products liability in tort[,] and recovery under the statute will normally be limited to recovery for personal injury and damage to property other than

2

> the product itself, which properly are the subject of a products liability tort claim. Recovery for damage to the product itself or economic loss arising from a deficiency in or loss of use of the product will normally not be compensable under the LPLA, because those items of damage properly are the subject of a claim in redhibition for breach of implied warranty. If, however, a claimant cannot proceed in redhibition for some reason, he can recover his damages in redhibition under the LPLA. The logical corollary of these rules is that the LPLA was not meant to and indeed does not affect Louisiana's law of redhibition, with one exception: a claimant can recover under the LPLA for damage to the product itself and economic loss when for some reason he cannot proceed in redhibition. This exception in effect expands the action in redhibition.

John Kennedy, *A Primer on the Louisiana Products Liability Act*, 49 LA. L. REV. 565, 580 (1989).

Dawson's claim for breach of the implied warranty of fitness arises under the Redhibition chapter and allows recovery for damage to the product itself and economic loss. The Court, therefore, declines to hold that Dawson's claim for breach of the implied warranty of fitness is preempted by the LPLA.

### B. LPLA Design Defect

In considering whether Dawson's claim for breach of the implied warranty of fitness is preempted, the Court came across authority indicating that Dawson may have failed to state a viable design defect claim under the LPLA. *See* LA. REV. STAT. art. 9:2800.56.

"The scholars who have interpreted the exclusivity provision of the LPLA have concluded that the LPLA does not preempt a claim in redhibition to recover for purely economic losses, such as the purchase price of a defective product or loss of profits caused by the defect, but provides the exclusive remedy for the recovery of non-economic losses, such as personal injuries." *Knowles v. American Tobacco Co.*, 97-2365, 1998 U.S. Dist. LEXIS 22195, at *31–32 (E.D. La. July 8, 1998). The logical corollary of this rule is that a plaintiff can proceed under redhibition and the LPLA "only if he suffers both economic loss and personal injury." Thomas C. Galligan, Jr., *The Louisiana*

3

*Products Liability Act: Making Sense of it All*, 49 LA. L. REV. 629, 647 (1989). "To the extent that the damage is compensable in redhibition, it is not damage under the [LPLA]." *Id.* at 645; *see also Monk v. Scott Truck & Tractor*, 92-1065 (La. App. 3 Cir. 1993); 619 So. 2d 890, 893 (citing Galligan, *supra*, at 645).

In this case, Dawson seeks only "economic loss arising from a deficiency in ... the product," "including but not limited to lost harvest yield, lost opportunity costs, additional harvest expenses," and attorney's fees. LA. REV. STAT. art. 9:2800.53(5); [Doc. No. 1, ¶35]. Dawson may recover these damages in its claims for redhibitory defect and breach of the implied warranty of fitness. *See* LA. CIV. CODE arts. 2520, 2524; *see also Matt v. Agro Distrib. LLC.*, 05-291, 05-292 (La. App. 3 Cir. 2005); 904 So. 2d 928, 932–34 (upholding damages related to a deficient yield because farmers were sent the wrong corn seed, including damages for lost crop production and failure to secure crop loans). Dawson does not appear to request damages for personal injury. It, therefore, appears that Dawson has failed to state a viable design defect claim under the LPLA.

Although BASF has never raised this argument, the Court may grant summary judgment *sua sponte* on grounds not urged if the adversely affected party is given notice. Given the proximity to trial, Dawson shall file a memorandum in opposition if it opposes summary judgment in favor of BASF by **December 23, 2008**. Dawson's memorandum shall not exceed 10 pages.

BASF may file a supplemental memorandum in response to Dawson's memorandum by **January 5, 2009**. BASF's memorandum shall not exceed 10 pages.

## III. CONCLUSION

For the foregoing reasons, the Court declines to *sua sponte* grant summary judgment in favor of BASF on Dawson's breach of the implied warranty of fitness claim. However, the Court gives

4

notice of its intent to *sua sponte* grant summary judgment in favor of BASF on Dawson's claim for design defect under the LPLA.

MONROE, LOUISIANA, this 12 day of December, 2008.

ROBERT G. JAMES
UNITED STATES DISTRICT JUDGE