U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED

JAN 0 9 2009

ROBERT H. SHEMWELL, CLERK
BY _____
        DEPUTY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| DAWSON FARMS, LLC | CIVIL ACTION NO. 06-0737 |
| VERSUS | JUDGE ROBERT G. JAMES |
| BASF CORP., ET AL. | MAG. JUDGE KAREN L. HAYES |

MEMORANDUM ORDER

On December 12, 2008, the Court gave notice of its intent to *sua sponte* grant summary judgment in favor of Defendant BASF Corporation ("BASF") on Plaintiff Dawson Farms, LLC's ("Dawson") claim for design defect under the Louisiana Products Liability Act ("LPLA"), LA. REV. STAT. § 9:2800.51, *et seq.* [Doc. No. 252]. On December 23, 2008, Dawson filed a memorandum opposing dismissal of this claim. [Doc. No. 255]. BASF, however, did not file a memorandum in response. For the following reasons, the Court declines to grant summary judgment in favor of BASF on this claim.

Previously, the Court queried whether the LPLA's definition of damage eliminates a cause of action under the LPLA for economic damages when a redhibitory cause of action is available. *See* LA. REV. STAT. § 9:2800.53(5); *see also Hilton v. Atlas Roofing Corp.*, No. 05-4204, 2006 U.S. Dist. LEXIS 30284, at *8–11 (E.D. La. May 17, 2006) (holding that a claimant could proceed in redhibition and the LPLA because she stated a claim for economic damages to property other than the product itself). Having considered Dawson's arguments and the Court's role sitting in diversity, the Court finds that redhibition is not the exclusive means of pursuing economic damages in this case. Dawson may present its design defect claim to the jury as an alternative cause of action.

MONROE, LOUISIANA, this ___9___ day of January, 2009.

_____
ROBERT G. JAMES
UNITED STATES DISTRICT JUDGE