U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED
Monroe
FEB 06 2009
ROBERT H. SHEMWELL, CLERK
BY _____ DEPUTY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| DAWSON FARMS, LLC | CIVIL ACTION NO. 06-0737 |
| VERSUS | JUDGE ROBERT G. JAMES |
| BASF CORP., ET AL. | MAG. JUDGE KAREN L. HAYES |

## MEMORANDUM ORDER

Plaintiff Dawson Farms, LLC ("Dawson") and Defendant BASF Corporation ("BASF") submitted transcripts of nine trial depositions that will be offered at trial in this matter, including objections to designated testimony. For the following reasons, the objections are SUSTAINED IN PART and OVERRULED IN PART.

## I. GENERAL OBSERVATIONS

First, the Court did not rule on objections that did not include a basis for the objection, unless the basis was readily apparent.

Second, the Court finds that all counsel communications and objections are irrelevant and thus inadmissible.

Finally, the Court has included pinpoint citations to the deposition testimony where necessary. The format is "page number:line number."

## II. DEPOSITION OF DR. RICHARD EVANS

BASF objects to Dr. Richard Evans's ("Dr. Evans") testimony regarding internal communications that post-date the sale of Outlook to Dawson. [21:12–24:4, 25:1–27:8, 27:19–28:6, 42:11–44:2, 47:1–48:11].

1

The Court finds that BASF's internal response to the farmers' complaints or BASF's awareness of an "injury situation" is irrelevant to Dawson's product liability claims. However, evidence in Dr. Evans's email and his related deposition testimony regarding BASF's process and reasons for adding sweet potatoes to the Outlook label is relevant. With respect to the process, only evidence establishing that Outlook was or was not safe for use on sweet potatoes is relevant. Accordingly, BASF'S objections are SUSTAINED IN PART and OVERRULED IN PART, and the following testimony is deemed admissible: 22:5–24:4, 25:1–27:8, 47:1–48:11.

For the same reasons, the Court clarifies its previous Ruling [Doc. No. 229, pp. 18–19] with respect to the admissibility of the email correspondence between Dr. Evans, Dr. Dan Eric Westerberg, and Kyle Keller. Only the following statements in Dr. Evans's email are admissible:

Dan:

Please in very direct (bullet point) let me know:

-To the best of your knnowledge what process was followed to add sweet potatoes to the DMTA-P label.

- Anything else you know about DMTA-P on sweet potatoes.

[Rick Evans's signature line.]

As explained *infra*, the Court finds that portions of Dr. Westerberg's response to Dr. Evans's email is relevant, but that Kyle Keller's response is irrelevant and thus inadmissible.

BASF also objects to Dr. Evans's testimony indicating that BASF is a German company. [9:13–24].

The Court finds that this testimony is irrelevant, and BASF'S objection is SUSTAINED.

## III. DEPOSITIONS OF NEIL BENTLEY

BASF objects to Neil Bentley's ("Bentley") testimony regarding BASF's marketing motives and decision to expand the use of Outlook to sweet potatoes.

BASF's objection is OVERRULED to the extent that Dawson seeks to offer this testimony for impeachment or rebuttal purposes.

BASF objects on the basis of relevance to Bentley's testimony discussing Outlook's application to crops other than corn, indicating that Dual II Magnum was Outlook's principal competition in the corn herbicide market, and referring to a brochure that promotes Outlook for use on Irish (white) potatoes.

The Court finds this testimony relevant, and BASF's objection is OVERRULED.

BASF also objects to Bentley's testimony referring to marketing documents that post-date the sale of Outlook to Dawson. [November 16, 2007 Deposition, 50:17–51:8].

The Court finds that this testimony is irrelevant, and BASF's objection is SUSTAINED.

BASF objects to a portion of Bentley's testimony implying that Outlook was not labeled for use on sweet potatoes following the 2005 crop year. [September 25, 2007, Deposition, 60:16–19].

The Court reiterates its prior ruling that BASF's failure to renew the Outlook label for use on sweet potatoes following the 2005 crop year constitutes a subsequent remedial measure and is, therefore, inadmissible to prove liability. BASF's objection is SUSTAINED IN PART, and the following testimony is inadmissible: "for a one-year period of November of '04 to November of '05."

## IV. DEPOSITION OF JOHN S. HARDEN

BASF objects to John Harden's ("Harden") testimony about an email he received from Dr.

3

Evans in 2005 regarding the process for registering Outlook for use on sweet potatoes. [74:19–78].

BASF'S objection is SUSTAINED for the reasons cited previously, and only the following testimony is admissible: 74:19–75:12, 76:11–78:25.

BASF also objects to counsel's comment on a BASF employee's German surname [10:1–2]; counsel's restated questions [41:18–24, 69:6–9]; and discussion between counsel [57:2–4] during Harden's deposition.

The Court finds these statements and questions by counsel are irrelevant, and BASF'S objections are SUSTAINED.

BASF also objects to Harden's testimony regarding whether and when he reviewed documentary evidence in preparation for the deposition and/or whether that evidence was provided by counsel [43:9–16, 50:3–5].

The Court finds that the foregoing testimony will assist the jury in evaluating Harden's testimony. BASF's objection is OVERRULED.

Dawson objects to Harden's testimony regarding whether he was involved in any discussions, studies, or research about whether to add sweet potatoes to the label for Outlook. [45:9–12, 17–19].

The Court finds this testimony is irrelevant, and Dawson's objection is SUSTAINED.

Dawson objects to Harden's testimony that IR-4 is an inter regional group that assists growers in obtaining government approval for the use of herbicides on different crops [19:16–20:4] and that IR-4 asked BASF to add sweet potatoes to the use label for Outlook [32:5–1].

The Court finds that, as BASF's contact person for IR-4, Harden has personal knowledge regarding the nature of IR-4 and its request. BASF's motives for expanding Outlook's application to sweet potatoes is helpful background information, which Dawson is free to rebut, as explained

previously. Dawson's objection is OVERRULED.

BASF objects to Harden's testimony regarding BASF's general internal decisionmaking process and whether he was aware of any internal discussions regarding the expansion of Outlook to sweet potatoes. [35:5–37:6].

Other than Harden's testimony regarding BASF's general decisionmaking process [35:18–25, 36:1–12], which provides helpful background information, the Court finds that his other testimony regarding the specific review process for Outlook's expansion to sweet potatoes is irrelevant since he was not involved. BASF'S objection is SUSTAINED IN PART and OVERRULED IN PART.

Dawson objects to Harden's testimony regarding whether his review of studies applying Outlook to sweet potatoes included a review of the effect of Outlook on grade, root, or root shape. [85:8–19].

The Court finds that Harden's testimony is relevant to whether the studies indicated that Outlook was defective or to rebut BASF's claim that the studies indicated that Outlook was a suitable sweet potato herbicide. Dawson's objection is OVERRULED.

Dawson objects to Harden's testimony regarding an email he sent and his explanation of the statements in his email. [67:12–25].

The Court finds that this testimony presents a double hearsay problem: the statement in the email ("McKemie says go") and the testimony regarding McKemie's reasons as conveyed to Harden. The email statement is admissible as state-of-mind evidence, but BASF did not identify a hearsay exception for the second statement. The second question and answer [67:15–25] is inadmissible. Dawson's objection is SUSTAINED IN PART and OVERRULED IN PART.

## V. DEPOSITION OF TOM McKEMIE

BASF objects to the inclusion of counsel communication. [11:18–25, 13:23–24].

BASF'S objection is SUSTAINED.

## VI. DEPOSITION OF HELENA CHEMICAL COMPANY

Pursuant to Federal Rule of Civil Procedure 30(b)(6), Randy Mize ("Mize") testified as the corporate representative for Helena Chemical Company ("Helena").

BASF objects to testimony regarding what documents Mize read and to whom he spoke in preparation for the deposition. [5:3–7:24].

BASF'S objection is OVERRULED for the reasons cited previously.

BASF objects to counsel communication. [26:1–10].

BASF'S objection is SUSTAINED.

BASF objects to Mize's testimony that Outlook caused the damage to Dawson's sweet potato crop. [21:16–23:12].

The Court finds that Mize is not qualified to offer an expert opinion, and the probative value of his lay opinion is outweighed by the danger of unfair prejudice. BASF'S objection is SUSTAINED. Since the Court has sustained BASF's objection, Dawson's objection to Mize's explanation of the basis of his opinion [57:23–59:17] is OVERRULED as MOOT.

Dawson objects to Mize's testimony regarding Helena's reasons for marketing Outlook for use on sweet potatoes. [29:9–21].

The Court finds that Mize has the knowledge necessary to provide this testimony and that the testimony is otherwise admissible. Although Mize was not personally involved in Helena's marketing decision [13:14–25], he testified as Helena's corporate representative, and his position

with Helena and pre-deposition preparation qualify him to testify on this issue. This testimony is relevant to the extent that it provides helpful background information as to why Outlook was expanded to sweet potatoes (and corroborates BASF's position that it was in response to grower demand, not declining market share). With respect to the hearsay objection, Mize's testimony about Dr. Steve Kelly's letter is not offered for its truth, but rather to show Helena's state-of-mind. Mize's testimony that growers were asking for the product is not a hearsay statement. Dawson's objection is OVERRULED.

BASF objects to Mize's testimony regarding the contents of a letter that Helena received from Dr. Steve Kelly, an employee of the LSU AgCenter. [32:21–23, 34:15–18].

The Court finds that this testimony is relevant to whether users of Outlook were aware of the defect, and the letter's contents are not offered for their truth, but rather to establish state-of-mind or knowledge. BASF'S objection is OVERRULED.

Dawson objects to Mize's testimony regarding whether Helena warned its customers that Outlook might have an adverse effect on or cause damage to sweet potatoes. [36:3–37:17, 56–57:8].

The Court finds that this testimony is relevant to the pending redhibitory defect claim. The personal knowledge requirement is satisfied by Mize's position in the company and his pre-deposition preparation. Finally, the statement on the Outlook label is not offered for its truth, but to show knowledge or state-of-mind. Dawson's objection is OVERRULED.

## VII. DEPOSITION OF ALVIN RHODES

BASF objects to Alvin Rhodes's ("Rhodes") testimony that he visited a number of growers, including "Mr. Prine" and "Mr. Todd." [8:4–5].

BASF'S objection is SUSTAINED IN PART and OVERRULED IN PART. The Court

previously excluded evidence of the claims of Mr. Prine [Doc. No. 253, p. 4] and thus any reference to Mr. Prine is inadmissible. BASF did not articulate a basis for excluding the reference to Mr. Todd nor is one readily apparent; therefore, this objection is overruled.

BASF objects to counsel communications. [11:23–13:11, 26:10–14, 31:14–16; 40:5–17].

BASF'S objection is SUSTAINED.

Dawson objects to Rhodes's testimony regard Dr. Kelly's research plots. [23:19–25:14].

The Court finds this testimony irrelevant, and Dawson's objection is SUSTAINED.

BASF objects to Rhodes's testimony regarding a notation on a field service report of Mr. Corley's farm. [34:11–25, 35:7–36:4].

The Court finds that the field service report falls within the business record exception to the hearsay rule, and the notation on the report is admissible as a party admission if Mr. Ford was acting as BASF's agent. BASF's objection is OVERRULED.

Dawson objects to Rhodes's testimony as to what Dr. Steve Kelly said when they visited Mr. Ford's farm. [18–19:1–14].

The Court finds that Rhodes's testimony is inadmissible hearsay. Dawson's objection is SUSTAINED.

Dawson objects to Rhodes's testimony that Mr. Thornhill said the fields that were treated with Outlook had excellent pigweed control, compared to the fields that were not treated with Outlook. [21:8–16].

The Court finds that Rhodes's testimony is inadmissible hearsay. Dawson's objection is SUSTAINED.

Dawson objects to Rhodes's testimony regarding his opinion on the cause of Mr. Thornhill's

crop damage. [20:20–21:6].

The Court finds that Rhodes's testimony is relevant and does not include a hearsay statement. Dawson's objection is OVERRULED.

## VIII. DEPOSITION OF GEORGE CLINT STRIPLIN

Dawson objects to George Clint Striplin's testimony about the purchase and application of another chemical, SC-27, from a different chemical manufacturer. [15–16:22, 17:15–18:6].

The Court finds that Striplin's testimony tends to rebut Dawson's claim that the defect in Outlook would not have been discovered by reviewing and following the instructions on the label, which is relevant to the redhibitory defect claim. Dawson's objection is OVERRULED.

Dawson objects to Striplin's testimony about whether he was aware of new herbicides in 2004. [32:7–35:8].

The Court finds that this testimony is relevant to establish Dawson's normal practice with respect to the introduction of new herbicides. The statements identified as "hearsay" by Dawson are not offered for their truth and, thus, are not hearsay. Dawson's objection is OVERRULED.

Dawson objects to Striplin's testimony regarding the Dual label and Dawson's application of Dual to its crop. [37:12–38:24, 40:6–42:9, 42:15–18, 43:14–15, 43:19–44:24, 45:3–46:21].

The Court finds that this testimony tends to establish how Dawson has interpreted the statements on an herbicide's label, which is relevant to some of the issues raised in the redhibitory defect claim. Striplin offers a number of opinions, but given his experience as an herbicide applicator, the Court finds that he is qualified to render a lay opinion on these issues. Dawson's objection is OVERRULED.

Dawson objects to Striplin's testimony that he did not "think" he observed Dr. Steve Kelly's

plot of sweet potatoes, which had been treated with Outlook. [88:9–1].

The Court finds that this testimony is irrelevant, and Dawson's objection is SUSTAINED.

Dawson objects to the following question and answer: "Q. Mr. Striplin, my name is Patrick O'Cain. I'm a lawyer for Helena Chemical Corporation. You and I have not met before today; correct? A. Correct." [92:8–11].

The Court finds that this testimony is irrelevant, and Dawson's objection is SUSTAINED.

BASF objects to a question and answer regarding whether Striplin was told by a Helena employee that he had to sign a waiver or release in order to use Outlook. [123:3–8].

The Court finds that this testimony is irrelevant, and BASF's objection is SUSTAINED.

BASF objects that its counsel's objections in the testimony should be removed. [129:18, 20–21, 23].

BASF's objection is SUSTAINED.

BASF objects that several questions are leading and confusing. [133:5–21].

BASF's objection is OVERRULED.

BASF objects that a question from Dawson's counsel "mischaracterizes prior testimony and [is] argumentative." [137:21–138:1].

The Court finds that Striplin testified previously that the potatoes he observed in the fields treated with Outlook were "obnoxiously large," "with pencil-like tubers," and "so crooked and deformed that – just looked strange, very strange." [134:16–20]. BASF's objection is OVERRULED.

BASF objects to a leading question that was not answered, but was restated and then answered. [141:9–12].

BASF's objection is SUSTAINED.

Dawson objects to questions regarding whether Striplin was aware of the yields for number 1-size sweet potatoes in fields treated with Outlook compared to the yields in fields treated with Dual the previous year and whether he would be surprised if the yields in fields treated with Outlook were higher. [151:1–15].

The Court finds that Striplin's response is relevant to evaluating his prior testimony. Dawson's objection is OVERRULED.

Dawson objects to questions regarding whether Striplin understood that the grower is ultimately responsible for the products that are used, including the rate and manner in which the products are used. [151:16–23].

It is unclear to the Court whether Striplin's responses state a legal opinion regarding fault or his personal opinion that the grower ultimately controls the application of the product. Therefore, to avoid confusion to the jury, Dawson's objection is SUSTAINED.

Dawson objects to the following question "Q. . . . [w]hether or not Helena pointed anything out from the Outlook supplemental label or a Dual label or any other label, you were fully reading those labels yourself to come up with –? A. Yes." [151:24–152:9].

The Court finds that this question and answer refer to Striplin's personal practice, not a legal opinion regarding whether a Helena employee or someone else orally modified the label's instructions. Dawson's objection is OVERRULED.

## XIX. DEPOSITION OF DR. DAN ERIC WESTERBERG

BASF objects to a large portion of Dr. Dan Eric Westerberg's ("Westerberg") testimony regarding the 2005 email sent from Dr. Evans to Westerberg and several other BASF employees

about the process for registering Outlook for sweet potato use. [71:13–75:15, 78:2–21, 93:14–95:16, 96:4–97:3, 98:10–101:5, 101:14–102:25, 108:4–109:24].

For the reasons cited previously, BASF'S objection is SUSTAINED IN PART and OVERRULED IN PART, and only the following testimony is admissible: 72:6–21, 73:4–5, 73:14–74:10, 75:7–15, 94:13–95:16, 96:4–97:3, 98:10–99:25, 100:11–101:5, 101:14–102:3, 102:7–9, 102:12–25, 109:18–24.

BASF objects to counsel communications and/or non-pertinent witness responses. [21:15–17].

BASF's objection is SUSTAINED.

## X. CONCLUSION

For the foregoing reasons, Dawson's and BASF's objections to designated trial depositions are SUSTAINED IN PART and OVERRULED IN PART.

MONROE, LOUISIANA, this ___6___ day of February, 2009.

ROBERT G. JAMES
UNITED STATES DISTRICT JUDGE